ROBERT B. TAYLOR, Appellant, v. Ida Taylor.

94   493
99   745

**Jurisdiction on Appeal: NOTICE.** Where an abstract shows date of
serving notice of appeal but not the date of the judgment, the
appeal will be dismissed because it does not affirmatively appear
that notice was served within due time.

*Appeal from Cass District Court.*—HON. A. B. THOR-
NELL, Judge.

WEDNESDAY, MAY 15, 1895.

*Dismissed.*

*Swan & Bruce* and *J. F. & W. R. Lacey* for appel-
lant.

*Haines & Layman* for appellee.

Given, C. J.—I.   Action in equity to cancel and set
aside a certain deed of conveyance.   This case is sub-
mitted upon documents entitled as follows, and filed in
the order named:  "Abstract of Evidence and Record;"
"Defendant's Amended Abstract;" "Appellant's Addi-
tional Abstract and Argument."   The abstract first
filed does not show that any decree or judgment was
entered in the district court, that it is an abstract of
the record and evidence in the case, nor that an appeal
was taken.   It shows, by an interlineation, as follows:
"Notice of appeal served on Haines & Lyman and on
the clerk, October 3, 1893,"—but does not show that
the clerk's fees were secured.   "Defendant's Amended
Abstract" says that the former abstract is incorrect,
incomplete, and does not fairly or sufficiently show the
true state of the record in said cause to enable the
supreme court to pass on the case, and says that "the

following errors and omissions, among others, occur
in the abstract." At the conclusion of the fifty-two
pages of this abstract is the following: "The appellee
denies that in the appellant's abstract, or the appellee's
amendment, or in both of them together, the record is
sufficiently set out to enable the court to re-examine
the issues and decide the cause." Plaintiff's additional
abstract contains the following, and no more: "This
is a suit in equity, and triable *de novo* in the supreme
court. The abstract contains all the evidence intro-
duced in the case, together with all evidence offered in
said cause by either party. Decree dismissing peti-
tion of plaintiff on its merits, and that the evidence of
Martha J. Snyder, abstract, page 27, was taken in the
*habeas corpus* proceedings before Judge Johnson, in
which the child Earl was given to his father, and was
introduced by agreement." If it may be said, from
plaintiff's additional abstract, that the former is a cor-
rect abstract of the record, and of all the evidence
offered and of all the evidence introduced, and that it
shows a decree dismissing plaintiff's petition, still it
fails to show that an appeal was taken within the time
and in the manner provided. Appeals may be taken
within six months from the rendition of the judgment
or order appealed from. Code, section 3173. An
appeal is taken by the service of notice in writing on
the adverse party, his agent or attorney, and upon the
clerk of the court. Code, section 3178. This court has
no jurisdiction except upon appeal, and its jurisdiction
must affirmatively appear. It nowhere appears in this
record when the decree dismissing plaintiff's petition
was rendered, and we may not infer, in the absence of
any showing, that it was within six months preceding
the service of the notice of appeal. Unless it affirma-
tively appears that notice was served within six months
from the rendition of the decree, no appeal is shown,

and without an appeal this court has no jurisdiction. Such is the record before us; therefore the case must be *dismissed*.